[Cite as *State v. Ray*, 2016-Ohio-8235.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MARK A. RAY | : | Case No. 2016CA0003 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
                            Pleas, Case No. 15CR0090



JUDGMENT:                   Affirmed



DATE OF JUDGMENT:           December 16, 2016



APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JASON GIVEN                             JEFFREY A. MULLEN
318 Chestnut Street                     239 North Fourth Street
Coshocton, OH  43812                    Coshocton, OH  43812

*Farmer, P.J.*

{¶1}    Appellant, Mark A. Ray, entered a guilty plea to (1) Attempted Murder in violation of R.C. 2903.02(A), a felony of the first degree, with a firearm specification, (2) Felonious Assault in violation of R.C. 2903.11(A)(2), a felony of the second degree, also with a firearm specification, (3) Tampering with Evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, and (4) Carrying Concealed Weapons in violation of R.C. 2929.12(A)(2), a felony of the fourth degree.

{¶2}    Appellant asked the victim, who was Appellant's former girlfriend, to meet him so he could give her gifts for her family.  Appellant also indicated he had something for the victim, but would not tell her what it was.  She agreed to meet him in a public location.  Appellant expressed his desire to reconcile, however, the victim indicated she did not want to reconcile.  Upon hearing her decision, Appellant reached in his waistband and pulled out a shiny object and shot the victim in the face.

{¶3}    Appellant pled guilty to the charges contained in the indictment.  The State agreed to remain silent on the issue of sentencing.  The parties also agreed to allow a presentence investigation to be conducted.

{¶4}    Appellant was sentenced to a total term of 15 years and six months in prison.  Appellant filed a timely notice of appeal.

{¶5}    Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), rehearing denied, 388 U.S. 924 (1967), indicating that the within appeal was wholly frivolous.  Counsel for Appellant has raised one potential assignment of error asking this Court to determine whether the trial court

erred in the sentence imposed upon Appellant.  Appellant was given an opportunity to file a brief raising additional assignments or error but none was filed.

I

{¶6}   "THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW IN THE IMPOSITION OF MAXIMUM, CONSECUTIVE SENTENCES."

{¶7}   In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw.  *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal.  *Id.*  Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses.  *Id.*  Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist.  If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires.  *Id.*

{¶8}   Counsel in this matter has followed the procedure in *Anders v. California,* 386 U.S. 738 (1967).

{¶9}   We now will address the merits of Appellant's potential Assignment of Error.

I

{¶10}  R.C. 2953.08, Subsection (G)(2), sets forth the appellate court's standard of review for sentences as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶11}  In this case, because Appellant was sentenced to multiple prison terms for multiple offenses, R.C. 2929.14(C)(4) governs the sentences and provides as follows:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12} We have reviewed the sentencing transcript and find the record does support the sentences imposed under R.C. 2929.14(C)(4). Further, the sentences

imposed are within the prescribed sentencing range and are not otherwise contrary to law. The proposed assignment of error is overruled.

{¶13} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Court of Common Pleas of Coshocton County, Ohio.

By Farmer, P.J.

Delaney, .J. and

Baldwin, J. concur.

SGF/as 1124